# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2833 | **DATE** | 4/26/2013 |
| **CASE TITLE** | Mario Hamilton (#2011-0103044) v. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to deduct $2.20 from Plaintiff's trust fund account as an initial partial filing fee and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Cook County Jail. Plaintiff may proceed with his complaint against Cook County Jail Superintendent Reyes, and the clerk shall issue summons for service of the complaint on this Defendant. Cook County is dismissed as a Defendant. Plaintiff's motion for representation by counsel [4] is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

    Plaintiff, Mario Hamilton, a pretrial detainee at the Cook County Jail, has filed this 42 U.S.C. § 1983 naming Jail Superintendent Reyes and Cook County as Defendants. Plaintiff alleges that there is no running water in his cell since December 2012, that he informed Superintendent Reyes and wrote grievances to no avail, and that he was denied drinking water even with meals. Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"), as well as the assistance of counsel.

    The Court grants Plaintiff's IFP motion and assesses an initial partial filing fee of $2.20. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. This payment obligation will follow Plaintiff in the event he is transferred.

    The Court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. Plaintiff has stated colorable claims against Superintendent Reyes, who must respond to the complaint. *See Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998); *Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir.1994). As for Cook County, Plaintiff lists it as a Defendant, yet states no claims against it. Furthermore, the claims he seeks to raise – no water in his cell and a lack of drinking water – indicate no unconstitutional custom or policy to support a claim against the municipality. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008). Accordingly, Cook County is dismissed.

    The clerk shall issue summons for service of the complaint on Superintendent Reyes. The U.S. Marshals Service is appointed this Defendant. The Marshal shall send Plaintiff service forms if needed for the Marshal to

| **STATEMENT** |
|---|

accomplish service. Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendants. The Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee no longer at the work address provided by Plaintiff, Stateville officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the Court's file nor released by the Marshal. The Marshal is authorized to send a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any filing to Defendant, or to his counsel if an attorney enters an appearance. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for counsel to represent him is denied without prejudice. Currently, neither the issues nor the discovery of this case are complex, and Plaintiff appears to be competent to represent himself at this stage of the proceedings. Counsel is not warranted at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 655-57 (7th Cir. 2007).